T.C. Summary Opinion 2009-168


UNITED STATES TAX COURT


BERNICE E. AKANNO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13778-07S.            Filed November 12, 2009.


Wilfred I. Aka, for petitioner.

Alexander D. Devitis, for respondent.


COHEN, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $30,580 and $39,148 in petitioner's Federal income taxes for 2004 and 2005, respectively. Respondent also determined section 6662(a) penalties of $6,116 and $7,829.60 for 2004 and 2005, respectively. After concessions, the issues for decision are whether petitioner received unreported interest income, whether she is entitled to itemized deductions or rental loss deductions beyond those conceded by respondent, whether she is entitled to exemptions for dependents not conceded by respondent, and whether she is liable for the accuracy-related penalties.

## Background

Petitioner resided in California at the time her petition was filed. During 2004 and 2005, petitioner worked full time as a licensed nurse, primarily working the night shift at various hospitals.

During the years in issue, petitioner had an ownership interest in a 12-unit residential property. Ten of the units were rented or available for rent. Petitioner and some of her relatives occupied part of the property as their residence. Petitioner actively participated in management of the property but was not a real estate professional during 2004 or 2005.

On her Form 1040, U.S. Individual Income Tax Return, for 2004, petitioner claimed four dependents, including her child, two uncles, and a niece. On her Form 1040 for 2005, petitioner claimed six dependents, including her child, two uncles, a niece, and two unidentified persons. One of the uncles claimed as a dependent on both returns filed his own Federal income tax return for 2004 on which he claimed a personal exemption, an earned income credit, and a refund. Respondent has conceded petitioner's claims with respect to her child but disputes the additional dependent exemptions claimed for the uncles, niece, and unidentified persons.

On her Forms 1040 for 2004 and 2005, petitioner reported, respectively, wages of $112,413 and $178,102 and deducted rental losses of $87,624 and $123,877. During the proceedings in this case, she reduced her claimed rental expenses from $117,212 to $108,137 for 2004 and from $123,877 to $104,378 for 2005. Petitioner failed to report a State income tax refund received in 2004, and the parties have now agreed that she must include in income the amount of $660 for that year. She failed to report $136 and $116 in interest income on an account jointly maintained with her brother during 2004 and 2005, respectively. Petitioner has conceded that she failed to report $17,936 in rental income in 2005.

Respondent has conceded that petitioner is entitled to deduct mortgage interest of $18,554 for 2004, has allowed comparable mortgage interest claimed in 2005, and has conceded an additional $20,000 per year in other rental expenses, including estimated depreciation. In making the concessions, respondent considered petitioner's personal use of a portion of the property and the probability that her coowner paid some of the expenses.

On her tax returns, petitioner claimed itemized deductions including unreimbursed employee business expenses of $18,341 in 2004 and $15,767 in 2005. The claimed employee business expenses consisted of vehicle expenses for which she failed to maintain contemporaneous records or other means of substantiation required by section 274(d). Respondent has conceded that petitioner is entitled to deduct $4,000 in employee business expenses for each year.

Procedural Matters

Because petitioner failed to produce documents or answer questions during the examination of her returns for 2004 and 2005, separate notices of deficiency were sent to her determining unreported income and disallowing claimed exemptions and deductions. On June 18, 2007, she filed a petition in which she elected to have this case conducted under the small tax case procedures established pursuant to section 7463. She requested Los Angeles, California, as the place of trial.

By notice served April 4, 2008, this case was set for trial in Los Angeles on September 8, 2008. Petitioner failed to appear for trial on September 8, and counsel for respondent appeared and filed a motion to dismiss the case for lack of prosecution. The motion recounted petitioner's failure to respond to correspondence and phone calls from respondent's counsel in attempts to resolve this case or prepare it for trial. The Court ordered petitioner to show cause why the case should not be dismissed. On December 10, 2008, petitioner's response to order to show cause was filed. In her response, petitioner attributed her failure to appear for trial to domestic difficulties. She represented that she had retained the services of Wilfred I. Aka to help her present the information that would support her position. The Court's order to show cause was discharged, and the case was returned to the general docket for trial or other disposition.

By notice served January 2, 2009, this case was set for trial in Los Angeles on June 1, 2009. On April 17, 2009, respondent filed a motion for an order to show cause pursuant to Rule 91(f), setting forth petitioner's continuing failure to respond to communications from respondent. Attached to respondent's motion was a proposed stipulation and a series of exhibits. Petitioner was ordered to show cause by May 6, 2009, why the matters set forth in the proposed stipulation attached to

respondent's motion should not be deemed stipulated. Petitioner failed to respond, the order to show cause was made absolute, and the facts and evidence set forth in respondent's proposed stipulation were deemed established for purposes of this case.

The case was called for trial on June 1 and recalled on June 2, 2009. Petitioner orally moved for a continuance, which was granted over respondent's objection. The case was then set for trial during the trial session commencing on July 20, 2009, in Los Angeles. On July 14, 2009, Wilfred I. Aka entered his appearance as counsel of record. He had been involved with the issues in the case, however, by at least December 2008 according to petitioner's response to the Court's first order to show cause.

When the case was called for trial on July 20, 2009, petitioner had neither executed a stipulation of facts nor moved to be relieved of the deemed stipulations. Petitioner testified at trial, and certain documents were received in evidence. The trial was conducted consistent with section 7463(a) and Rule 174(b), in that the Federal Rules of Evidence were not applied. Leading questions were permitted. In part because of the small case designation, respondent's counsel consented to withdrawal of one of the items previously deemed stipulated.

At the conclusion of trial, petitioner sought to revoke her election of small case procedures made when the petition was

filed and applied in the two prior trial settings. The Court ruled that the request to revoke the election was untimely. The only issues in this case are routine and factual. There is no reason to discontinue the proceedings conducted pursuant to petitioner's election and followed through trial by the parties and the Court. See sec. 7463(d); Rule 171(c).

Also at the conclusion of trial, the Court commented on the unsatisfactory state of the record and suggested that the parties meet in an attempt to exchange additional information and resolve additional issues. The parties were ordered to report on any progress within 30 days and were given options concerning posttrial briefs. Petitioner did not comply with the Court's suggestion and instead filed a brief that ignored evidence in the record and argued facts that were contradicted or not supported by evidence in the record. She declined respondent's offer to interview her claimed dependents. Respondent in a posttrial brief nonetheless made the concessions mentioned above.

<u>Discussion</u>

Generally, petitioner has the burden of proving that the determinations in the notices of deficiency are erroneous. See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Petitioner has not satisfied the conditions for shifting the burden of proof to respondent under section 7491(a) because she did not comply with the requirements to substantiate deductions,

did not maintain all required records, and did not cooperate with reasonable requests for information, documents, meetings, and interviews. See sec. 7491(a)(2).

The only unreported income item remaining in dispute is the interest on a joint bank account, which petitioner admitted receiving. She argues, through her counsel, that she was not required to report that interest income because her brother reported it on his returns, but she testified that she does not know whether her brother reported it. Petitioner's argument with respect to this item is contrary to her testimony and is unavailing. She must include in her income $136 for 2004 and $116 for 2005. See sec. 61(a)(4).

Petitioner failed to provide any documentary evidence or specific testimony that she provided more than half of the support for her uncles and her niece or any other claimed dependent. (For 2005 petitioner failed to provide any evidence that her niece had not provided over one-half of her own support for the year. See sec. 152(c)(1)(D), (2)(B)). She testified only that she provided support for them as follows:

> Q   About how much of living expenses did you provide for these people?

> A   As much as their need was, and I provided enough for what they needed; for what they need as their needs I did. But I can't put together right now how much it is.

She did not name in her testimony the unidentified persons claimed on her return for 2005. Although she said that her relatives were not employed during the years in issue, she did not explain or negate other sources of their support, such as other relatives or public assistance. See section 152(a) in effect for 2004 and section 152(d)(1) in effect for 2005. Her testimony in this regard is vague and unreliable. She has not established her entitlement to the dependency exemptions.

It appears from petitioner's testimony and from the documents in evidence that petitioner used part of the rental property as her residence. The property address was shown as petitioner's address on the Forms W-2, Wage and Tax Statement, received in evidence. Petitioner produced miscellaneous receipts relating to work done at the property and to expenses, such as utilities, relating to the property. Petitioner did not allocate the expenses of the property between rental expenses and expenses attributable to her residence, and she did not prove that she paid the amounts claimed. Real property tax records relating to the building occupied and rented by petitioner suggested that she was a coowner of the property with her brother and that 2 units of the 12-unit property were "owner occupied". Various receipts petitioner presented at the time of trial did not fully substantiate even the reduced amounts claimed for rental expenses. Petitioner's reported earnings and rents received do

not appear sufficient to support the multiple dependents and to pay the deductible expenses that she claimed. No deductions in excess of those respondent conceded are allowable.

Petitioner's claimed deductions for business use of her vehicle have not been substantiated by adequate records as required by section 274(d). A passenger vehicle is listed property under section 280F(d)(4). Thus deductions are disallowed unless the taxpayer adequately substantiates the amount of the expense; the time and place of business use of the vehicle; and the business purpose of the vehicle use. These rules were adopted to preclude estimates based solely on a finding that some deductible business expenses were incurred, as allowed in other contexts. See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Petitioner's counsel reconstructed the estimated business mileage petitioner claimed, guessing at odometer readings during 2004 and 2005, and substantially reduced the employee business expenses claimed for vehicle use. The reconstruction used her current address rather than the address of her residence in 2004 and 2005 and was patently unreliable. Petitioner's testimony did not provide the necessary substantiation of time and place that the expenses were incurred. Petitioner is not entitled to any

deductions for business use of her vehicle in excess of the amounts respondent conceded.

During the examination of her returns and for 2 years after her petition was filed, petitioner did not produce documents or otherwise cooperate in the determination of her tax liabilities. With respect to the disallowed deductions and exemptions, petitioner declined the opportunity after the trial, which included respondent's offer to interview her claimed dependents, to establish greater entitlements. For over 6 months before trial, she had a tax professional assisting her. At this point, we infer that no additional substantiating or corroborating evidence exists.

Petitioner has offered no explanation for the failure to report $17,936 in rental income in 2005 and a State income tax refund in 2004. Her alleged reason for not reporting interest received in both years is contradicted by her testimony. She alleges in her posttrial brief that she provided all of the underlying documents to her tax preparer and that they were subsequently lost without fault on her part, but the evidence does not support that assertion. At trial, petitioner merely responded to leading questions about the preparation of her returns; she did not testify about any lost records.

Section 6662(a) and (b)(1) and (2) imposes a 20-percent accuracy-related penalty on any underpayment of Federal income

tax attributable to a taxpayer's negligence or disregard of rules or regulations, or a substantial understatement of income tax. Section 6662(d)(1)(A) defines "substantial understatement of income tax" as an amount exceeding the greater of 10 percent of the tax required to be shown on the return or $5,000.  In this case, a Rule 155 computation will be required because of respondent's concessions, and it is not clear at this point whether the remaining understatements will be substantial.

Respondent asserts petitioner's negligence as an alternative ground for imposition of the penalty for each year.  Petitioner failed to comply with substantiation requirements specific to the deductions and exemptions claimed on her returns, claimed deductions on the returns in excess of those established or even claimed at trial, and failed to report income in each year. These indicia of negligence satisfy respondent's burden of production with respect to the penalties.  See sec. 7491(c).

The accuracy-related penalty under section 6662(a) will not be imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1).  The decision as to whether a taxpayer acted with reasonable cause and in good faith is made by taking into account all of the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Petitioner's conclusory denials of negligence and generalized assertions that she provided all of

the necessary information to her tax return preparer are unpersuasive on the record in this case and do not establish reasonable cause. The section 6662(a) penalties will be sustained.

In the answer, respondent asserted that petitioner's rental losses were limited by section 469, relating to passive activities. Because we do not allow any deductions beyond those conceded by respondent, it is not necessary to address that issue. We have considered the other arguments of the parties; they are either irrelevant or lack merit. For the reasons set forth above,

Decision will be entered under Rule 155.